UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

MARVIN FORBES,

    Defendant.

No. 19-cv-10220-FDS

**MEMORANDUM AND ORDER ON DEFENDANT'S EMERGENCY FOR RELEASE FROM CUSTODY**

CABELL, U.S.M.J.

## I. INTRODUCTION

This matter is presently before the court on the Defendant's Emergency Motion for Release from Custody. (D.41). The defendant had previously agreed to an order of voluntary detention without prejudice, D.11, and after the filing of his motion the court held a detention hearing. (D.46).

The defendant has been charged with Distribution of and Possession with Intent to Distribute Cocaine Base and is presently housed at MCI-Cedar Junction. He requests release because "he is at a high risk of contracting COVID-19 while incarcerated and is at a high risk of serious complications from the disease due to underlying medical conditions" and proposes to be released on home confinement to reside with a relative in Boston.

After careful consideration of the oral and written arguments of counsel, the court finds that there are conditions of release that can reasonably assure the safety of the community and the defendant's appearance, and for the reasons that follow, the motion is <u>ALLOWED</u>.

## II. DISCUSSION

The issue of detention for this defendant must be considered in light of the rebuttable presumption of detention under 18 U.S.C. 3142(e)(3)(A) because his charged offense carries a potential sentence of 10 years or more under the Controlled Substances Act.  Nevertheless, the defendant has provided sufficient evidence to successfully rebut the presumption.

Of note are the facts that the defendant's most recent conviction was nearly eight years ago, his current charge does not involve violence, he has a close relationship with his son and strong familial ties to the area, and appears to understand he gravity of the situation he finds himself in.  His proposed residence, while in the area where his current charged crime is alleged to have occurred, was not itself the site of drug sales.

Additionally, the court notes documented medical evidence that the defendant is a diabetic who requires daily insulin injections, suffers from hypertension, and is prescribed a CPAP machine for sleep apnea.  Prevailing medical advice from the

Centers for Disease Control and Prevention indicate all three of these conditions place the defendant into the high-risk category of complications from the COVID-19 virus.  The difficulty of isolation in a prison or jail, despite best efforts at containment, well documented in many judicial opinions.  The most recent data indicates that 12 staff members at MCI-Cedar Junction have tested positive.  *See*, <u>Tracking Covid-19 In Massachusetts Prison & Jails</u>, available at <u>https://data.aclum.org/sjc-12926-tracker/</u> (accessed 5/14/2020).

Simply put, the defendants incentives and ability to flee are significantly reduced because of the current pandemic and under the conditions articulates below, his risk of danger to the community can be reasonably assured.

To be sure, every defendant released poses a potential risk of flight or danger to the community, and the court had some concerns of its own.  Nevertheless, the following conditions, in addition to all statutory conditions of release, will reasonably assure the safety of the community and the defendants appearance at future proceedings as required by the Bail Reform Act, 18 U.S.C. 3142:

    1.) The court will sign a warrant to be held in abeyance which shall be automatically activated if the Probation Department has reason to believe a condition has been violated.

2.) The defendant will be in home detention at his aunt's residence and will only leave for approved medical appointments, court appointments, and meetings with counsel.

3.) The defendant shall be placed on location monitoring through the use of electronic monitoring.

4.) The defendant shall not consume excessive alcohol.

5.) The defendant shall not apply for a passport or any other travel documents while on release.  If the defendant possesses a passport or any other travel document, he must surrender it to Probation upon his release.

6.) The defendant shall refrain from possessing any firearm, destructive device, or other dangerous weapon and shall not have access to any such items lawfully owned and possessed by any other occupants of the residence.

7.) The defendant shall not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This includes marijuana.

8.) The defendant shall report any contact with law enforcement within 24 hours.

9.) The defendant shall not move from the premises without prior permission.

10.) The defendant shall have no direct or indirect contact with anyone who may be a co-defendant, victim, witness in the investigation or prosecution of this matter.

11.) The defendant shall obey all statutory conditions of release.

**SO ORDERED.**

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: May 14, 2020